## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PROJECT ON GOVERNMENT** )<br>**OVERSIGHT, INC.** )<br>**1100 13th Street, NW** )<br>**Suite 800** )<br>**Washington, DC 20005,** )<br> )<br> **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**U.S. DEPARTMENT OF THE** )<br>**TREASURY,** )<br>**1500 Pennsylvania Avenue, N.W.** )<br>**Washington, DC 20220,** )<br> )<br> **Defendant.** )<br> ) | **Case No:** |

## COMPLAINT

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 220 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Project On Government Oversight, Inc. ("POGO") challenges the failure of defendant U.S. Department of the Treasury ("Treasury") to provide POGO with all non-exempt documents responsive to three FOIA requests POGO filed with Treasury. Those requests concern former Treasury Secretary Steven Mnuchin's interactions as Secretary with individuals and entities that appear to relate to his post-government effort to establish an investment fund that will raise money from sovereign wealth funds based in the Persian Gulf region.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the parties pursuant to 5 U.S.C. §§

552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28

U.S.C. § 1331.

3.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.      Plaintiff POGO is a nonpartisan independent organization based in Washington,

D.C. and organized under section 501(c)(3) of the Internal Revenue Code. Founded in 1981,

POGO champions reforms to achieve a more effective, ethical, and accountable federal

government that safeguards constitutional principles. POGO's investigators and journalists take

leads and information from insiders and verify the information through investigations using

FOIA, interviews, and other fact-finding strategies. POGO's investigative work has been

recognized by Members of Congress, executive branch officials, and professional journalism

organizations. For instance, in 2015, POGO won the Robert D.G. Lewis Watchdog Award, the

Society of Professional Journalists Washington, D.C. Professional Chapter's highest journalistic

award, for reporting on the Department of Justice's opaque system for handling allegations of

attorney misconduct within its ranks. In 2018, POGO won an award from the Society for

Advancing Business Editing & Writing for its investigative series scrutinizing the government's

oversight of offshore drilling. POGO extensively used records obtained under FOIA for this

investigation.

5.      Treasury is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f).

Treasury has possession and control of the records POGO seeks in this action.

## STATUTORY BACKGROUND

6.      FOIA requires federal agencies, upon request, to make records "promptly available to any person," 5 U.S.C. § 552(a)(3)(A), unless one or more specific statutory exemptions apply.

7.      The agency must provide the public records when they are requested in order "to ensure an informed citizenry, vital to the functioning democratic society." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978).

8.      An agency must make a determination on a FOIA request within twenty business days and notify the requester of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

9.      The twenty-day deadline for an agency to make a determination on a request begins on the earlier of: (l) the date "the request is first received by the appropriate component of the agency" or (2) ten days after the request is "first received by any component of the agency that is designated in the agency's regulations . . . to receive [FOIA] requests." 5 U.S.C. § 552(a)(6)(A)(ii).

10.     In unusual circumstances, an agency may extend the time limits the FOIA prescribes by written notice to the person making such request that sets forth the reasons for such extension and the date on which a determination is "expected" to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

11.     If an agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. §§ 552(a)(6)(C)(i), 552(a)(4)(B).

## FACTUAL BACKGROUND

12.     On February 23, 2021, the *Washington Post* reported that former Treasury Secretary Mnuchin is starting an investment fund that will raise money from sovereign wealth funds based in the Persian Gulf region. Jeff Stein and Yeganeh Torbati, Trump's former treasury secretary expected to launch investment fund, seeking backing of Persian Gulf state funds, *Washington Post*, Feb. 23, 2021, https://www.washingtonpost.com/business/2021/02/23/mnuchin-investment-fund-gulf/.

13.     Some of that region's largest sovereign wealth funds are controlled by the United Arab Emirates, Saudi Arabia, and Qatar. *Id.* These are countries to which Mnuchin frequently travelled as Treasury Secretary, especially in the weeks before his term ended. *Id.*; Gina Heeb, Mnuchin Expected To Start Investment Fund Backed By Middle East Nations He Visited As Trump's Treasury Secretary, *Forbes*, Feb. 23, 2021, https://www.forbes.com/sites/ginaheeb/2021/02/23/mnuchin-expected-to-start-investment-fund-backed-by-middle-east-nations-he-visited-as-trumps-treasury-secretary/?sh=52242cae5b1e.

14.     While Treasury Secretary, Mnuchin hosted a dinner on July 8, 2019, at the Treasury Department that was attended by Qatari Emir Sheikh Tamim bin Hamad al-Thani and top officials from the Qatar Investment Authority as well as former-President Trump. Press Release, HH The Amir, U.S. President Attend Dinner Banquet Hosted by U.S. Treasury Secretary, Amiri Diwan State of Qatar, Jul. 8, 2019, https://www.diwan.gov.qa/briefing-room/news/foreign-visits/2019/july/8/hh-the-amir-and-us-president-attends-dinner-banquet-

hosted-by-us-secretary-of-the-treasury?sc_lang=en. The Qatar Investment Authority also has

business ties to Trump, having leased space through a subsidiary at a property that is 30 percent

owned by Trump. Dan Alexander, "One of the most significant potential conflicts of interest in

American history": How everyone from foreign governments to federal contractors is quietly

lining Trump's pockets, *Vanity Fair*, Sept. 17, 2020,  https://www.vanityfair.com/news/2020/

09/how-everyone-is-quietly-lining-trumps-pockets.

15.     By September 2021, Mr. Mnuchin's private equity fund reportedly had raised

$2.5 billion in investments from sovereign wealth funds in the Middle East. Alan Rappaport,

Mnuchin's Private Equity Fund Raises $2.5 Billion, *New York Times*, Sept. 20, 2021,

https://www.nytimes.com/2021/09/20/us/politics/mnuchin-saudi-private-equity.html. The size

and sources of the fund—countries to which Mnuchin travelled as Treasury secretary, especially

in the waning days of his term as Treasury Secretary—have raised questions about the extent to

which decisions Mnuchin made as Secretary were influenced by his post-government

employment financial plans. *Id.*

*Plaintiff's March 23, 2021 Freedom of Information Act Request*

16.     On March 23, 2021, POGO submitted a FOIA request to Treasury via the

agency's online portal requesting all records and communications (including, but not limited to,

calendar entries, emails, faxes, letters, and memos) that pertain to interactions between Steven

Mnuchin and five individuals and officers or employees of four companies from February 13,

2017 to January 20, 2021. The request named the following individuals: (1) Yasser (or Yasir) al-

Rumayyan; (3) Hamed bin Zayed al-Nahyan; (3) Khalil Foulathi; (4) Mansour Ibrahim Al

Mahmoud; and (5) Khaldoon AlMubarak. The request named the following companies: (1)

Public Investment Fund of Saudi Arabia (also known as "PIF"); (2) Abu Dhabi Investment

Authority (also known as "ADIA"); (3) Qatar Investment Authority (also known as "QIA"); and (4) Mubadala Investment Company. *See* March 23, 2021 Request attached as Exhibit A.

17.     POGO also requested a waiver of fees, explaining that POGO will use the requested records to inform the public about how the actions Steven Mnuchin took when he served as Secretary of the Treasury related to his post-government activities. The requested records pertain to the individuals and entities with whom Mnuchin interacted while serving as Treasury Secretary. POGO pointed out that in light of the recent reporting about the investment fund Mnuchin was starting that will raise money from sovereign wealth funds based in the Persian Gulf region, Mnuchin's meetings with various individuals connected to those funds during his tenure as Secretary raise questions about whether actions Mnuchin took in his official capacity were influenced by Mnuchin's post-government career plans.

18.     By email dated March 23, 2021, Treasury acknowledged receipt of POGO's March 23, 2021 request.

19.     To date, POGO has received no further response from Treasury concerning this request.

20.     Under 5 U.S.C. § 552(a)(6)(C)(i), POGO has now effectively exhausted all applicable administrative remedies with respect to its March 23, 2021 request.

*Plaintiff's April 14, 2021 Freedom of Information Act Request*

21.     On April 14, 2021, POGO submitted a FOIA request to Treasury via the agency's online portal requesting all records and communications (for example: calendar entries, emails, faxes, letters, and memos) sent by former Treasury Secretary Mnuchin, the Office of the Secretary of the Treasury, and the Office of the Chief of Staff to Treasury Headquarters staff or to the White House regarding the July 8, 2019 dinner for Qatari Emir Sheikh Tamim bin Hamad

al-Thani held at the Treasury Department's Cash Room. *See* April 14, 2021 Request attached as

Exhibit B.

22.     POGO also requested a waiver of fees, pointing to the public reporting that former

Secretary Mnuchin is starting an investment fund that will raise money from sovereign wealth

funds based in the Persian Gulf region and the July 8, 2019 dinner Mnuchin hosted that was

attended by Qatari Emir Sheikh Tamim bin Hamad al-Thani and other top officials from the

Qatar Investment Authority. These events raise questions as to whether Mnuchin as Secretary

inappropriately used public resources—including Treasury staff time and meeting spaces—to

further his own post-government career plans. POGO explained that the requested records

showing how Mnuchin and his team arranged for these events and described them to staff would

help the public understand the extent to which Mnuchin may have used his public office for

private gain.

23.     By email dated April 15, 2021, Treasury acknowledged receipt of POGO's April

14, 2021 request.

24.     To date, POGO has received no further response from Treasury concerning this

request.

25.     Under 5 U.S.C. § 552(a)(6)(C)(i), POGO has now effectively exhausted all

applicable administrative remedies with respect to its April 15, 2021 request.

*Plaintiff's August 9, 2021 Freedom of Information Act Request*

26.     On August 9, 2021, POGO submitted a FOIA request to Treasury requesting all

records and communications (including, but not limited to, calendar entries, emails, faxes, letters,

text messages, and memos) that document interactions between Steven Mnuchin and U.S.

Marine Corps General Joseph Francis Dunford Jr. (Ret.) from February 13, 2017 to January 20, 2021. See August 9, 2021 Request attached as Exhibit C.

27.     POGO also requested a waiver of fees because the requested records contain material pertaining to Steven Mnuchin's activities in relation to the individuals and business entities with whom he interacted while serving as Treasury Secretary. POGO explained that according to recent reporting, Joseph Dunford, the former Chairman of the Joint Chiefs of Staff, is serving as a senior advisor at Liberty Strategic Capital, an investment fund Mnuchin founded earlier this year. Cybereason Secures $275 Million in Crossover Financing to Extend Global Leadership in XDR, Cybereason press release, July 14, 2021, https://www.cybereason.com/ press/cybereason-secures-275-million-in-crossover-financing-to-extend-global-leadership-in-xdr. The investment fund reportedly is raising money from foreign sovereign wealth funds. Stein & Torbati, *Washington Post*, Feb. 23, 2021. As POGO explained, this raises questions as to whether the policies and actions of the Trump administration may have been influenced by the post-government career plans of Mnuchin and Dunford—questions that the requested records may answer.

28.     By email dated August 27, 2021, Treasury acknowledged receipt of POGO's August 9, 2021 request.

24.     To date, POGO has received no further response from Treasury concerning this request.

25.     Under 5 U.S.C. § 552(a)(6)(C)(i), POGO has now effectively exhausted all applicable administrative remedies with respect to its August 9, 2021 request.

**PLAINTIFF'S CLAIM FOR RELIEF**

26.     Plaintiff repeats and re-alleges the preceding paragraphs.

27.     With its March 23, 2021, April 14, 2021, and August 9, 2021 FOIA requests, Plaintiff properly requested records within the possession, custody, and control of Defendant.

28.     Defendant Treasury wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for making a determination on Plaintiff's requests, and by withholding from disclosure records responsive to Plaintiff's requests.

29.     Plaintiff POGO is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its March 23, 2021, April 14, 2021, and August 9, 2021 FOIA requests.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant to immediately and fully process plaintiff's March 23, 2021, April 14, 2021, and August 9, 2021 FOIA requests and to disclose all non-exempt documents immediately and at no cost to Plaintiff;

(2) Issue a declaration that Plaintiff is entitled to the immediate processing and disclosure of the requested records at no cost to Plaintiff;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

 /s/ Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015
(301) 717-6610
weismann.anne@gmail.com

Dated: October 13, 2021            *Attorney for Plaintiff*